

# THE OLIVER LAW GROUP PC
www.LegalActionNow.com

May 10, 2013

Honorable Cathy Seibel
United States District Judge
Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

In re:   *Mirena IUD Products Liability Litigation*
        No. 13-MD-2434 (CS)
        *This Document Relates to All Actions*

Dear Honorable Judge Seibel:

    This letter is drafted in an effort to comply with the Court's Case Management Order 1, as well as to ensure that—in light of the submissions made thus far by 'organizing plaintiffs' and the Court's Case Management Order 2—the undersigned is heard on issues relative to appointment of lead, liaison and Plaintiffs' Steering Committee (hereinafter 'PSC'). Ordinarily, I would not have written individually and in advance of our hearing on the issue and desirability of a PSC (as well as its size, composition and scope) in as much as the Order indicates that same will be taken up at our hearing. However, the request by 'organizing plaintiffs' for appointments prior to the hearing, and the subsequent dialogue regarding the potential PSC, has prompted the submission of this letter at this time. Summarily, while the undersigned did not propose to submit three alternative selections for lead and liaison counsel, it appears that the means the Court described for this process apparently may not come to fruition, and I am hopeful not to lose the opportunity to address this Honorable Court on these issues at hearing or otherwise. Respectfully, I realize that this is an imperfect response to the Court's directives thus far (via the Case Management Orders), but in light of the developments since their entry, I am hopeful it can be considered nonetheless.

    It appears as if the plan at this time is to secure the leadership roles, and then discuss the necessity and structure of the proposed PSC thereafter. While organizing plaintiffs correctly stated to this Honorable Court that there were no objections to their submission of self-nomination for three co-lead and liaison counsel during our call; there is concern, at least on behalf of the undersigned, to the process in which discussions regarding the leadership appointments and the desirability of a PSC, as well as its size, composition and scope, take place. Being involved in the last conference call amongst organizing plaintiffs, I proposed that our female litigants in this birth control defect action would benefit from having some of our equally skilled and able female attorneys in significant roles in leadership in this litigation. Prior to this call, similar attempts to engage in this conversation received little response.

PHONE      FAX      WEB
950 West University Dr. Suite 200, Rochester, MI 48307    (800) 939-7878    (248) 196-3385    www.LegalActionNow.com

In short, I do not object to any of the names submitted by the organizing plaintiffs as they are well-qualified colleagues and their appointment would well serve the litigation generally. However, I feel quite strongly that our litigants in this very gender-specific case would be better served if their leadership consisted of at least *some* qualified female attorney(s), who would be able to more fully relate to their clients' particular challenges, as well as promote that empathy forward to the trier of fact. I am confident the defense will strategically make room for these benefits on their team; and I believe our litigants will be disadvantaged if we don't consider the strategic benefit of doing the same. Similar to the apparent disconcert of having an all-female leadership team on a testicular implant case, I think that it remains of both strategic and symbolic importance to voice my concerns on the lack of gender-related representation on the leadership of this inherently female litigation.

Therefore, while I do not object to any proposal I have heard thus far, I possess concerns about not knowing that there is a process for the plaintiffs' litigation team to develop a diverse leadership team as a whole for the benefit of the Plaintiffs. On this issue, if there is determined later to be no room for a PSC in this litigation or if this concern remains unaddressed; leadership at the top should include a more diverse group. If a PSC is ultimately determined to be appropriate, it too should include a diverse group. I would be honored to serve in any role deemed necessary and appropriate; and I respectfully submit that I possess the qualifications, requisite experience and resources to serve, and I commit to this challenging and expansive MDL process.

I am of the opinion that a PSC is necessary. The resources necessary to prosecute this litigation will far exceed the resources available, both monetarily and in terms of sheer labor, that any one (or even three) firm(s) possess. Generally, we would want to organize the PSC's in a way that provides the necessary support for the litigation while remaining careful not to create duplicitous work and fees. This balance is typically achieved with a CMO outlining the roles and duties of the attorneys involved, and requiring reporting on fees on a regular basis such that any abuses are caught early and corrected. A PSC consisting of lead counsel(s) and at least fifteen other counsel would well support the effort. A structure including an executive committee, discovery committee, law and motions committee, federal/state law coordination committee and trial committee would cover all necessary functions without adding undue cost to the litigation. In this manner, the necessary tasks would be analyzed and dispensed from the lead counsel, through the executive committee who would be charged with the assignment and execution, to the various topic specific committees for completion and return back through the paradigm for review and submission or re-analysis.

Within this framework, I respectfully submit that I possess the necessary qualifications for membership within the leadership of this case as is determined appropriate by Your Honor. I am the managing shareholder of the Oliver Law Group PC (hereinafter "OLG") in Rochester, Michigan; am the Chair of OLG's pharmaceutical and medical device product liability litigation division; and I have been honored for five consecutive years as a member of the Top 100 Trial Lawyers (2008, 2009, 2010, 2011 and 2012). OLG currently is retained on over 60 cases involving personal injuries suffered as a result of implanted Mirena products, is in the process of reviewing approximately 300 additional cases, and expects to receive and investigate many more as time progresses. OLG also currently represents Plaintiffs in *Melissa Price v. Bayer Healthcare Pharmaceuticals, Inc.* (4:13-cv-0061, E.D. CA.) and *Maria Lopez and Jesus Lopez v. Bayer Healthcare Pharmaceuticals, Inc.* (3:13-cv-50102, N.D. IL.) and intends to file many cases involving the same Defendants in this Court.

I have been practicing law for fifteen years, and have been appointed to serve as a PSC member in the *Zimmer Nexgen Knee Implant Products Liability Litigation* (1:11-cv-05468, N.D. IL.), *MI Windows and Doors, Inc. Products Liability Litigation* (2:12-mn-00001, SC.), *American Medical Systems, Inc. Pelvic Repair Systems Products Liability Litigation* (2:12-md-02325, S.D. WV.), *Boston Scientific Corp., Pelvic Repair Systems Product Liability Litigation* (2:12-md-02326, S.D. WV.), *C.R. Bard, Inc., Pelvic Repair System Products Liability Litigation* (2:12-md-02187, S.D. WV.), *Coloplast Corp. Pelvic Support Systems Product Liability Litigation* (2:12-md-02387, S.D. WV.), and *Ethicon Inc., Pelvic Repair Systems Products Liability Litigation* (2:12-md-02327, S.D. WV.).

I have extensively tried cases for years, averaging approximately 11 trials per year to verdict with a 90% win ratio. I have substantial MDL-related mass tort products liability experience representing thousands of injured clients. I have represented such clients in virtually every current mass tort products liability MDL including litigations concerning *Heparin; Digitek; DePuy ASR Hip Implant; DePuy Pinnacle Hip Implant; Yaz/Yasmin/Ocella; Denture Cream, Mirapex, Kugel Mesh, Medtronic Sprint Fidelis, Imprelis Herbicide Litigation* and *Actos*. I have attended the Joint Panel on Multi-District Litigation (JPML) hearings on most of these matters, have collaborated with co-counsel regarding presentment of cases for consolidation, and have been honored by being able to present before the panel numerous times.

Prior to becoming involved in complex litigation in the civil arena, I practiced predominantly in criminal law. Unlike the civil practice, criminal law practice affords young attorneys a tremendous amount of in-court and trial experience. Consequently, I was often in court five days per week—and frequently several times daily—during this time period, and have had the benefit of having tried hundreds of cases to verdict. This experience has given me a unique and valuable asset of capability, common sense and steadfastness in the face of litigation that is oftentimes challenging for colleagues that have not had the benefit of such a hands-on trial education.

Throughout the past many years, I have earned a reputation of working well with fellow plaintiff's counsel as well as with defense counsel and the Court, thereby leading to efficiencies for all participants. I have worked diligently to develop significant working relationships with many of the proposed counsel, and look forward to working together with other proposed members as well.

OLG has the requisite resources to aid this litigation and will commit every resource required to enable this Court to expeditiously move the MDL through discovery and toward trial and/or early resolution -- steps we have already undertaken by devoting substantial financial resources and dedicating a team of attorneys and staff to this litigation. I have been heavily involved in this litigation, investing significant time and resources, and have a significant interest in participating in these consolidated proceedings as a member of the PSC. My team of attorneys and staff has dedicated itself to interviewing hundreds of women injured by these products, conducting due diligence reviews of our clients' cases, researching FDA documents and medical literature, and vetting experts. I attended multiple conferences with other attorneys to discuss these issues and this litigation; and I have engaged in weekly conference calls and organizational meetings as well.

In summary, I am committed to this litigation on behalf of my clients, and all of the litigants and a personal commitment to justice under these circumstances. My firm has sufficient resources that would benefit the PSC, and it would be an honor to serve thereon. Pursuant to CMO 1, I have attached a curriculum vitae and a current Letter of Good Standing. With sincere appreciation of the obligations and responsibilities involved, I respectfully request that the Court favorably consider this application for appointment as a member of the Plaintiff's Steering Committee in a position as is determined necessary and appropriate.

Respectfully Submitted,

Alyson Oliver
Proposed Co-Lead Counsel

# Alyson Oliver

# Oliver Law Group PC

aoliver@oliverlg.com

248.327.6556

---

## CURRICULUM VITAE

With a multifaceted career spanning nearly 15 years, Alyson Oliver's experience as a trial lawyer, and managing shareholder of Oliver Law Group PC has provided an incredible foundation for handling intricate litigation.

Oliver has thrived over the years on challenging courtroom battles and victories for the underdog. She has launched and actively managed two successful firms. As dynamic trial lawyer, she is a diligent advocate for her clients. Oliver is skilled in all phases of litigation from the preparation and discovery phases through negotiations, hearings and trials.

Oliver's peers have recognized her talent and dedication to her clients and the legal profession. In 2008-2011 Oliver was named a Top 100 Trial Attorney by the American Trial Lawyers Association. The Association is a national organization composed of the Top 100 Trial Lawyers from each state. Membership is obtained through special invitation and is extended only to those attorneys who exemplify superior qualification of leadership, reputation, influence, stature and profile as civil plaintiff or criminal defense trial lawyers. It is the mission of The National Trial Lawyers Association to promote excellence in the legal profession through practical educational programs and legal publications that deal with the current issues facing The American Trial Lawyer.

**Legal Excellence & Professionalism**

Oliver's dedication and commitment to upholding the highest standard of legal excellence and professionalism has been demonstrated in over a decade of service which has included:

- 2003 Pro Bono Recognition from Chief Judge Lawrence P. Zatkoff of the United States District Court, Eastern District of Michigan
- 2008 Pro Bono Recognition from Chief Judge Bernard Friedman of the United States District Court, Eastern District of Michigan.

- Named as a Top 100 Trial Attorney in America's Trial Lawyers Association; 2008, 2009, 2010, 2011, 2012
- 2009 Pro Bono Recognition from Chief Judge Gerald E. Rosen of the United States District Court, Eastern District of Michigan.
- 2010 Pro Bono Recognition from Chief Judge Gerald E. Rosen of the United States District Court, Eastern District of Michigan.

**National Press Coverage**

Oliver has been involved in numerous cases that have sparked national and international interest. She has been interviewed and featured in print, online, on television and radio regarding her expertise and involvement with some of the nation's most interesting litigation. As a result, Oliver has been called upon and often quoted by leaders in with Fox 2 News Detroit, Daily Fox News, Channel 95.5 Detroit, Spin 1038 Radio in Dublin, Ireland, Entertainment Weekly, The New York Observer, Digital Spy, Yahoo! News, Entertainment Weekly, Business Wire, Rolling Stone, NBC, Channel 95.5 Detroit, My Fox Phoenix, Huffington Post, Reuters, ABC News, TV Guide, Billboard, Washington Post, Detroit Legal News, WXYZ Channel 7 Detroit, Lawyers USA, Washington Post, NY Times, Crains, Salon, Al Jazeera, Bloomberg News, NPR Radio, Law360, and the National Law Journal.

**Nationwide Networking**

Oliver understands and functions well in the complex litigation landscape. She has engaged in dozens of conferences, counsel meetings and symposiums involving hundreds of law firms in venues across the country that are designed to facilitate consensus for leadership roles, consider organizational structures and promote coordinated litigation efforts.

**Lectures**

Oliver lectured colleagues at the national HarrisMartin Nexgen® Zimmer Knee Litigation Conference in San Fransisco regarding the Zimmer Nexgen litigation strategy. Oliver presented at the Transvaginal Mesh conference in Savannah, Georgia in November 2011. In September 2012, Oliver had a role in the Daubert considerations as it refers to metal-on-metal hip litigation in New York.

# CURRICULUM VITAE HIGHLIGHTS

- Dynamic Trial Attorney with a 90% win rate.
- Six years of progressive trial experience in primary practice of criminal defense prior to electing to move into civil plaintiff's litigation and ultimately complex litigation.
- Procured a published opinion changing the standard for medical treatment for prisoners as counsel in *Garretson v. Madison Heights*, a §1983 case.
- Formerly involved in prescription drug Raptiva® cases in the Sixth Circuit Court of Appeals in an effort to improve interpretation of Michigan law regarding product liability immunity and simultaneously pursuing legislative efforts with other interested colleagues on this important issue.

- Appointed as class counsel repeatedly in multiple states; currently serving as class counsel in WARN act litigation in St. Louis, Missouri.
- Presenter of oral argument at Judicial Panel of Multi-District Litigation (JPML) in efforts to consolidate national litigations in MDL proceedings in Imprelis® Litigation and Transvaginal Mesh litigation.
- Currently involved in MDL litigation in Zimmer, DePuy ASR, Pinnacle, Yaz®, Transvaginal Mesh and NuvaRing®.
- Formerly involved in the MDL litigation in Medtronic Spring Fidelis, and Digitek.
- Appointed to and currently serving on the Plaintiff Steering Committee on Zimmer NexGen® Knee Multi-District Litigation in Chicago, Illinois before the Hon. Rebecca Pallmeyer.
- Engaged in law and motion committee, plaintiffs vetting committee and discovery committees in multiple MDLs and class actions; currently in Zimmer NexGen®, Imprelis Multi District Litigations and Blue Cross Blue Shield of Michigan antitrust litigation.
- Appointed to and currently serving on the Plaintiff Steering Committee on MI Windows and Doors Multi-District Litigation in Charleston, South Carolina before the Hon. David C. Norton.
- Appointed to and currently serving on four Plaintiff's Steering Committee on Transvaginal Mesh Multi-District Litigations in Charleston, West Virginia before the Hon. Joseph R. Goodwin:
  -American Medical Systems, Inc. (MDL No. 2325)
  -Boston Scientific, Inc. (MDL No. 2326)
  -Coloplast Corp. (MDL No. 2387)
  -C.R. Bard, Inc. (MDL No. 2187)
  -Ethicon (MDL No. 2327)

# EDUCATION

B.A. 1994 – Oakland University

J.D. 1998- University of Detroit Mercy

# STATE COURT BAR ADMISSION

Michigan (5/12/1999)

---

# FEDERAL COURT BAR ADMISSIONS

United States Court of Appeals
Sixth Circuit

United States District Courts of Illinois
Central District and Southern District

United States District Court of Indiana
Northern District

United States District Courts of Michigan
Eastern District and Western District

United States District Court of New York
Northern District

United States District Court of Ohio
Northern District

United States District Court of Texas
Southern District

United States District Courts of Wisconsin
Eastern District

---

# SPECIAL APPOINTMENTS AND RECOGNITION

1. 4/15/2003 | Pro Bono Recognition from Chief Judge Lawrence P. Zatkoff of the United States District Court, Eastern District of Michigan.
2. 9/23/2008 | Pro Bono Recognition from Chief Judge Bernard Friedman of the United States District Court, Eastern District of Michigan.

3. 9/15/2009| Pro Bono Recognition from Chief Judge Gerald E. Rosen of the United States District Court, Eastern District of Michigan.
4. 9/15/2010| Pro Bono Recognition from Chief Judge Gerald E. Rosen of the United States District Court, Eastern District of Michigan.
5. Named as a Top 100 Trial Attorney in America's Trial Lawyers Association; 2008, 2009, 2010, 2011

## AFFILIATIONS

- American Trial Lawyers Association
- American Association of Justice
- Oakland County Bar Association
- State Bar of Michigan
- Criminal Defense Attorneys of Michigan
- U.S. District Court Pro Bono Committee
- Consumer Law Division, State Bar of Michigan
- Federal Bar Association
- National Association of Bankruptcy Attorneys
- Association of Wage and Hour Attorneys

# THE SUPREME COURT of the STATE OF MICHIGAN

I, Corbin R. Davis, Clerk of the Michigan Supreme Court and Custodian of the Roll of Attorneys admitted to the practice of law in this state, do hereby certify that, as appears from the records,

*Alyson Louise Oliver*

was admitted to the practice of law in the courts of the State of Michigan on

*May 10, 1999*

and has remained in good standing since then.

In Testimony Whereof, I set my hand and affix the seal of the Michigan Supreme Court on this date: April 29, 2013

_____
Deputy Clerk